UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brixmor GA Green Acres (MI) LLC,

       Plaintiff,

v.

BKGBMG LLC, Mark Gibney, and Brenda
Gibney,

       Defendants.

_____/

Case No. 12-13153

Honorable Nancy G. Edmunds

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [16]

Before the Court is Plaintiff Brixmor GA Green Acres (MI) LLC's motion for default judgment against Defendants BKGBMG LLC d/b/a US Furniture, Mark Gibney, and Brenda Gibney. (Dkt. 16.) Because Plaintiff has satisfied the requirements for a default judgment under Federal Rule of Civil Procedure 55(b)(2) on its breach of contract, fraud, and statutory conversion claims, the Court GRANTS IN PART Plaintiff's motion for default judgment.

## I.  Facts[1]

In September, 2011, Plaintiff and Defendant US Furniture entered into a lease for commercial property in Saginaw, Michigan. (Compl. ¶ 8.) The lease stated that US Furniture would use the property "solely for the purpose of: The sale of a furniture [sic] and mattresses and related items." (*Id.* ¶ 9.) The lease provided that Plaintiff would pay a

---

[1]"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D.Mich. 2006) (Cleland, J.).

construction allowance to US Furniture to perform work on the property. (*Id.* ¶ 10.) The construction allowance totaled $958,450.00, to be paid in four installments. (*Id.* ¶ 11.) After the initial installment, the lease provided that US Furniture had to submit partial lien waivers to receive the second, third, and fourth installments. (*Id.*)

In October, 2011, Defendants Mark and Brenda Gibney executed a guaranty, agreeing that they would be personally liable for damages resulting from US Furniture's non-performance or breaches of the lease. (Compl. ¶ 13.) The guaranty stated that the Gibneys' liability was to be individual as well as joint and several with US Furniture. (*Id.* ¶¶ 14, 15.) The guaranty also provided that the Gibneys would be liable for all of Plaintiff's expenses, including attorneys' fees in enforcing the guaranty. (*Id.* ¶ 16.)

On November 22, 2011, Plaintiff paid the first installment to US Furniture. (Compl. ¶ 17.) On December 20, 2011, US Furniture submitted fraudulent lien waivers in order to get the second installment payment. (*Id.* ¶ 19.) On January 5, 2012, Plaintiff paid the second installment. (*Id.* ¶ 20.) On March 27, 2012, US Furniture submitted lien waivers and a written request for the third installment payment. (*Id.* ¶ 21.)

Upon receipt of the third lien waivers, Plaintiff discovered that waivers were fraudulent and falsely executed. (Compl. ¶ 22.)

On April 25, 2012, Plaintiff sent written notice to US Furniture and the Gibneys notifying them that US Furniture had violated the lease and that Plaintiff would terminate the lease if Defendants failed to cure the default. (Compl. ¶ 26.) On April 30, 2012, Plaintiff mailed the notice of violation to Defendants and advised them that they were in default and that Plaintiff would terminate the lease if Defendants did not cure the default within fifteen days. (*Id.* ¶¶ 26, 27.) Defendants did not do so and Plaintiff, on May 14,

2012, sent notice that it was terminating the lease.  (*Id.* ¶ 29.)  Plaintiff and Defendants came to an agreement that permitted US Furniture to continue work on the property, but US Furniture did not honor the agreement, and this lawsuit followed.  (*Id.* ¶¶ 30-33.)

Plaintiff filed suit for breach of contract, fraudulent lien waivers, fraudulent representations regarding continued work, and statutory conversion pursuant to Michigan Compiled Law § 600.2919a.

Plaintiff filed suit on July 18, 2012 and summons were issued for Defendants on July 20, 2012.  (Dkt. 1-4.)  Plaintiff requested alternate service, which the Court granted.  (Dkt. 9, 10.)  Plaintiff then requested a clerk's entry of default and received a default against each of the defendants.  (Dkt. 11-14.)  On January 18, 2013, Plaintiff filed this motion for default judgment.  (Dkt. 15.)  On March 15, 2013, the Court ordered Plaintiff to supplement its attorneys' fees and costs request with support for that award.  (Dkt. 17.)  Plaintiff filed that supplement.  (Dkt. 18.)

## II.  Analysis

To obtain a default judgment, Plaintiff's motion and supporting affidavits must provide:

1.  The nature of the claim;

2.  That the return of service was filed with the Court and that service was properly made on Defendants;

3.  A statement that Defendants are not:

    a)   an infant or incompetent person; or

    b)   in the military service;

4.  The date the Clerk entered a default because Defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a);

5. The sum certain or the information necessary to allow the computation of a sum certain; and

6. If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees.

*See* Fed. R. Civ. P. 55(b); E.D. Mich. L. R. 55.2.

### A. Plaintiff is entitled to a default judgment

The Court finds that Plaintiff is entitled to a default judgment award. Plaintiff has submitted the required documentation, statements, sum certain, and support for an additional award of fees and costs. The Court, though, adjusts some of the award amounts as set forth below.

Plaintiff requests:

- $1,432,675.00 in compensatory damages;

- $38,758.28 in attorneys' fees;

- $41,554.72 in pre-judgment interest from the date of the breach until the filing of the complaint;

- pre-judgment interest from the date of the filing of the complaint until the date of the judgment calculated as provided in Michigan Compiled Law § 600.6013(8);

- interest on the judgment at the rate provided in 28 U.S.C. § 1961; and

- other relief as the Court finds proper.

### A. Compensatory damages

The Court finds that Plaintiff is entitled to its requested $1,432,675.00 in compensatory damages. Plaintiff has represented that it issued Defendants two installments of $239,612.50 each, a total of $479,225.00, and that Defendants converted that amount to

4

their own use, despite demand for return.  Plaintiff is correct that Michigan Compiled Law § 600.2919a entitles Plaintiff to treble damages.   The Court therefore awards $1,432,675.00 in compensatory damages.

### B.  Attorneys' fees

An attorneys' fees award must be reasonable and should only take into account work actually performed and fees actually incurred. *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F.App'x 323, 328 (6th Cir. 2008) (citation omitted).

Here, Plaintiff originally requested $38,758.28 in attorneys' fees.  The Court found that Plaintiff's documentation lacked the support that the Court requires to determine whether the award is reasonable.  The Court therefore ordered Plaintiff to file support for its requested award.  In that filing, Plaintiff offered a suggested average $237 per hour billing rate multiplied by the 104 hours expended, for a total of $24,648.00.  The Court finds this award reasonable.  The Court adds the costs expended, $503.80, for a total of $25,151.80.

### C.  Pre-judgment interest from the date of breach to the filing of the complaint

Plaintiff next requests $41,554.72 in pre-judgment interest from the date of the breach until the filing of the complaint.  Plaintiff has calculated that amount by taking the five percent pre complaint interest rate that Michigan courts have approved and applied that to the $1,432,675.00 award.[2]  The daily interest rate is therefore .0137% and Plaintiff has stated that the breach occurred on December 20, 2011 and then that 211 days passed before it filed its complaint.

---

[2] *See Kenneth Henes Special Projects Procurement v. Continental Biomass Indus., Inc.*, 86 F.Supp.2d 721, 738 (E.D.Mich. 2000) (Rosen, J.) (stating that "Michigan courts have determined that the appropriate pre-filing rate of interest is 5% per annum.).

Plaintiff correctly points to *Gordon Sel-Way, Inc. v. Spence Brothers, Inc.*, 475 N.W.2d 704 (Mich. 1991) to give the guiding principle of pre-filing interest.

> Michigan has long recognized the common-law doctrine of awarding interest as an element of damages. The doctrine recognizes that money has a "use value" and interest is a legitimate element of damages used to compensate the prevailing party for the lost use of its funds. . . . The pivotal factor in awarding such interest is whether it is necessary to allow full compensation.

*Spence Bros.*, 475 N.W.2d at 711 (all citations omitted). "Damages in a conversion case include interest from the date of conversion." *Ehman v. Libralter Plastics, Inc.*, 523 N.W.2d 639, 640 (Mich.Ct.App. 1994).

Plaintiff has improperly calculated its pre-filing interest. Plaintiff has improperly attempted to get pre-complaint interest on the treble damages amount. The Court finds Plaintiff's calculation incorrect. Conversion is about the loss of use, here, Plaintiff's lost the use of $479,225.00, not three times that amount. Here, the date of conversion for the first installment payment was December 20, 2011, the date Defendants submitted false lien waivers to get the second payment.[3] The loss of Plaintiff's use value is then .0137% multiplied by $479,225.00 for 211 days. That total is $13,852.96.

### D. Pre-judgment interest from the date of the filing of the complaint

Plaintiff states that it is entitled to pre-judgment interest from the date of the filing of the complaint in accordance with Michigan Compiled Law § 600.6013(8). That section provides:

---

[3]The Court notes that Plaintiff did not pay the second installment payment until January 5, 2012, so the interest on that award should be calculated at 16 days less than the 211 total days. But the Court finds the 211 days appropriate given that Plaintiff needed to earmark those funds and not use the second installment payment once Defendants requested the payment falsely on December 20, 2011.

> interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

Mich. Comp. Laws § 600.6013(8). Here, the rate is 1.687% annually or .0046% daily. The number of days between July 18, 2012 and March 20, 2013 is 245 days. Pre-judgment interest is therefore 245 days multiplied by .0046% multiplied by the total award of $1,471,679.76, for a total of $16,585.83 of pre-judgment interest.

### E.  Post-judgment interest

Plaintiff further requests post-judgment interest in accordance with 29 U.S.C. § 1961. The Court grants Plaintiff's request.

## IV.  Conclusion

For the above-stated reasons, the Court GRANTS Plaintiff's motion for default judgment and awards Plaintiff:

- $1,432,675.00 in compensatory damages;

- $25,151.80 in attorneys's fees and costs;

- $13,852.96 in pre-judgment interest from the date of the breach until the filing of the complaint;

- $16,585.83 in pre-judgment interest from the date of the filing of the complaint until the date of the judgment calculated as provided in Michigan Compiled Law § 600.6013(8); and

7

- interest on the judgment at the rate provided in 28 U.S.C. § 1961.

The total amount the Court awards Plaintiff at this time is $1,488,265.59.  No more issues are pending in this case and the Court will issue a judgment closing this case with this order.

So ordered.

s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  March 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager